Filed 8/24/16  P. v. Floyd CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B269433 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA092662) |
| v. | |
| TERELL FLOYD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Terrell Floyd, in pro. per.; Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On April 27, 2015, Melody Platt discovered that her rare, high end, Alex Moulton brand bicycle was missing from her garage, where it had been stored in a cabinet from which the lock had lately been cut. On July 27, 2015, she saw a Craigslist advertisement for an Alex Moulton bicycle that included a photograph depicting her bicycle, including some "cheap Home Depot clamps" she had used to affix a basket to it, although the basket itself was no longer attached. She notified police, and Inglewood police detective Jose Barragan set up an undercover meeting with the seller, Terell Floyd. Floyd told Barragan he had inherited the bicycle from his father. Once Floyd and Barragan agreed on a price of $3,300, Floyd was arrested, and his phone was found to contain photographs of the bicycle, including one in which the basket was still attached.

On October 21, 2015, Floyd was convicted by a jury of receiving stolen property. (Pen. Code, § 496, subd. (a).) The trial court denied his motion to dismiss a prior "strike" conviction for purposes of sentencing, finding Floyd had been either committing crimes or serving prison sentences "almost continuously" for the last 10 years. The court did, however, dismiss one of several prior prison term enhancements. (Pen. Code, § 1385, subd. (a).) It sentenced Floyd to the high term of three years, doubled due to his having suffered prior convictions for serious or violent felonies, plus one consecutive year for each of two prior prison terms, for a total of eight years in prison. (Pen. Code, §§ 667, 667.5, subd. (b), 1170, subd. (h), 1170.12, subd. (c)(1).) The court awarded him 246 days of custody credit and assessed various fines.

We appointed counsel to represent Floyd on appeal and, after examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On May 17, 2016, we sent letters to Floyd and appointed counsel, directing counsel to forward the appellate record to Floyd and advising Floyd that within 30 days he could personally submit any contentions or issues that he wished us to consider.

Floyd responded with a letter brief in which he raises a number of arguments.

Floyd argues no evidence indicates he knew the bicycle was stolen. "Every person who buys or receives any property that has been stolen . . . , knowing the property to be

2

so stolen . . . shall be punished by imprisonment . . . ." (Pen. Code, § 496, subd. (a).) Knowledge that property has been stolen may be inferred from a defendant's false or evasive answers to police concerning the origin or ownership of the property. (*People v. Hyde* (1958) 51 Cal.2d 152, 156.) "When a jury's verdict is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted, which will support it, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the jury. It is of no consequence that the jury believing other evidence, or drawing different inferences, might have reached a contrary conclusion." (*People v. Brown* (1984) 150 Cal.App.3d 968, 970.) Here, the jury could reasonably infer Floyd knew the bicycle was stolen because he falsely told Officer Barragan he had inherited it from his father. A person innocently coming into possession of property would not need to misrepresent its origin or ownership.

Floyd argues (for the first time on appeal), he believed the bicycle belonged to an "old friend" he "grew up around," whom he knew only by a nickname. The friend gave him the bicycle in return for tattoo work. The argument must be rejected, as it would require that we reweigh the evidence and make an independent credibility determination. But under the applicable standard of review, we cannot retry the case on appeal.

Floyd argues police entrapped him by failing to inform him Officer Barragan was undercover. We disagree. A police officer has no duty to inform a suspect he is undercover. (*People v. Smith* (2007) 40 Cal.4th 483, 505.) "Entrapment is established if the law enforcement conduct is likely to induce a *normally law-abiding person* to commit the offense. [Citation.] '[S]uch a person would normally resist the temptation to commit a crime presented by the simple opportunity to act unlawfully.'" (*People v. Watson* (2000) 22 Cal.4th 220, 223.) Here, the crime of receiving stolen property was complete when Floyd received the stolen bicycle, which occurred before he ever came into contact with Officer Barragan. Barragan induced him neither to receive the bicycle nor place an ad on Craigslist in an attempt to sell it.

Floyd argues the police violated his rights by searching his home without a warrant.  Under the California Constitution "evidence sought to be introduced at a criminal trial is subject to suppression as the fruit of an unconstitutional search and seizure only if exclusion is . . . mandated by the federal exclusionary rule applicable to evidence seized in violation of the Fourth Amendment [of the United States Constitution]."  (*People v. Maikhio* (2011) 51 Cal.4th 1074, 1075.)  But Floyd identifies no evidence recovered by police during the search of his home, nor any attempt by the prosecution to introduce such evidence at trial.

Floyd argues the felony convictions he suffered in 2011 and 2014 have been redesignated as misdemeanors pursuant to Proposition 47 (Pen. Code, § 1170.18, subd. (f)), and therefore could not be used as predicates to enhance his sentence.  We reject the argument because the record on appeal contains no mention of any such redesignation.

Floyd argues that doubling of his base term pursuant to subdivision (c)(1) of Penal Code section 1170.12 violated his right to be free from double jeopardy.  The argument is without merit.  Use of a prior conviction to enhance punishment imposed for a later offense does not offend double jeopardy principles because the later offense is considered to be aggravated because it is repetitive.  (*Witte v. United States* (1995) 515 U.S. 389, 400.)

We have examined the entire record and find no arguable issue exists.  We are therefore satisfied Floyd's attorney complied with his responsibilities, and affirm the judgment.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                                    CHANEY, J.

WE CONCUR:


        ROTHSCHILD, P. J.                                    LUI, J.


4